Good morning. Dennis Carroll on behalf of Mr. Aguilar-Canche, the defendant appellant in this case. I'll try to reserve two minutes for rebuttal. There's no dispute regarding two factual issues in this case. First, importantly, the guideline range for the defendant was lowered as a result of the guideline amendment 782. And secondly, I don't think there's any one of the sentences consecutively was made pursuant to its analysis of the 3553A factors. And it was not made pursuant to any guideline application decision or any part of the guidelines. So in this case, it comes down to what's in the plain language of both the statute and the guideline. And there's nothing in the relevant guideline or the relevant statute prohibits a court from revisiting or reassessing whether a sentence should be run consecutively or concurrently. Why wouldn't that be limited to the first appeals in this case? I'm sorry, the first? Why wouldn't the question of whether consecutivity was appropriate be answered, if at all, only in the sentence appeal, the original sentence appeal? Because the first guideline. The guideline reduction has nothing to do with it. The sentences weren't based on the guidelines, as you said. They were based on the mandatory minimums. And the consecutivity was not based on the guidelines. It was based on 3553. So I can't see where the guideline reduction opens the door to revisiting the consecutivity. Well, I think the guidelines provide the answer for that and the jurisprudence behind that. When there is a retroactive guideline amendment and a motion is made pursuant to that retroactive application, the trial court is required to recalculate the guideline, consider the new factors, whether a reduction is appropriate at all. Counsel, forgive me. You're talking about this as if the judge originally used the guidelines. These were minimum sentences that were imposed. The judge decided to impose them consecutively. He didn't base it on the guidelines. So when the guidelines were amended, how is it that the judge has to go back to consider something he didn't consider in the first place? He didn't look at the guidelines. He didn't follow the guidelines. He followed the minimum sentence. That hasn't changed, has it, with respect to these particular crimes? Well, certainly the mandatory minimums did not change. Wasn't that the primary basis of the sentence here? The primary basis of the sentence was the court's analysis under the 3553A factors. But that had to do with a variety of things, whether it should be consecutive or concurrent. The fact here is that the guidelines were not the basis of the judge's original sentence. The court was required at the original sentence to consider what the guideline range was. That is clear under this circuit case law that the court has to calculate... The court did that. The court did that, considered the original guideline range, and then considered the 3553A factors and determined a 180-month sentence was appropriate. And then because the... I thought that was not the way he reasoned it out. I thought he determined what the guideline sentence is, determined what the mandatory minimum sentence was, and then sentenced to the mandatory minimum because it was, in fact, the statutory mandatory minimum. I would disagree with the court on that regard because the court announced its sentence after consideration of the 3553A factors and specifically adopted the... The consecutive nature of the sentences was imposed as a result of the consideration of the guideline range, which is something the court had to... I don't think I'm getting across my question, and if there's a helpful answer to it, I really want to find it out. The way the case looks to me is that the guidelines just had nothing to do with anything, so the change in the guidelines was not something that needed to be considered since the sentence wasn't based on them in the first place. It looks like what the judge did is he used the mandatory minimums and not the guidelines to sentence. He used 3553 and not the guidelines to determine that the sentences should be consecutive. The guidelines were reduced for drug crimes. It came back to the judge, and he saw no reason to reduce his sentence because his sentence had not been based on the guidelines. What am I missing there? Two issues, if I may. First, I respectfully disagree that the court did not consider the guideline range at all at its original sentencing. The court had to. There was a discussion about the guideline range. There was a discussion about the court imposing a sentence... We always have to, in a sense, if there's a mandatory minimum of, say, 10 years and the guideline sentence is 18 to 24 years, then you have to consider the guidelines. But if there's a mandatory minimum of 10 years and the guidelines is 8 to 10 years, then the sentence is based on the mandatory minimum. Well, then under the guidelines, the guideline range would be 10 years, under your example. But in this case, the guideline range was less than 180 months, and there was a discussion by the court about how rare it is for him to impose a sentence above the guidelines, especially for first offenders. The government argued that the court could simply oppose 180 months on each count and run them concurrently, but it just seems easier to run them consecutively and impose the mandatory minimum on each count. Now, I think the second part of my answer to the court's question, maybe the court is ordering this case, and that's an issue in this appeal in determining whether the judge actually decided that, I'm not going to change anything. And I agree that the trial court's order is not entirely clear, but I think it is clear, well, first of all, the government is not arguing that the trial court actually followed the steps required in the guidelines and the statute in terms of considering the new range and then balancing the 3553A factors and then determining whether or not a reduction is appropriate. But I think the statute and the guidelines do compel the court to engage in that process. And here, the trial court determined that nothing in 782, the relevant amendment, requires the court to revisit the sentence. I would suggest it does. It doesn't require the court to change the sentence. The court may look back on it and determine the new guideline range. I think that's a semantic distinction. I mean, there's nothing here in his, I don't know, two-sentence cryptic order that suggests it didn't have the authority. He's just saying, look, I've read now the amendment. I've read 792. I look at it and I don't see anything that would make me or require me to change because it really is not necessarily related to what I did before. So I think it's clear the judge had authority, but he just decided to revisit, but that this amendment didn't prompt him to do anything. So what's wrong with that? The government has not argued that. And I think the amendment does compel the court to at least revisit the sentence. Well, when you say revisit, he knows what he did before. He looks at what happened here and he says, I don't think, I'm not going to change anything. So hasn't he revisited it? I don't know what the term revisit means and I don't think there's a legal definition here, but 1B1.10 does require the court to determine the amended guideline range that would have been applicable pursuant to the amendments and then engage in the 3553A balancing process. But that assumes, again, that the court relied upon the sentencing guidelines in imposing the original sentence. If he didn't, then doesn't 3582C actually deprive the district court of jurisdiction to reconsider the sentence? I don't think 3582C deprives the court of jurisdiction because 3582C requires the court to consider a sentencing reduction if the guideline range has changed. Right, but it says it may not modify a term of imprisonment once it's been imposed except when the guidelines are changed. But in this case, if the court, again, we have to look at the record, we've done a look at the record. If we are of the view that he did not rely upon, he didn't rely upon the sentencing guidelines in imposing the original sentence, then doesn't the 3582C deprive him of jurisdiction to reconsider it? I would just simply disagree with the fact that the court did not rely, at least consider in part, what the guideline range was. Do you want to? Well, I'll give you some rebuttal time. I don't think you have to save any because you don't have any. Good morning. May it please the court, Helen Bruner on behalf of the United States. I'd like to start by simply noting that what's unique about this case is it's not a sentencing of one case but a sentencing of two cases. And the district court in those two cases chose to impose the mandatory minimum in each case and then run them consecutively. And that's why I would ask that this court consider the consecutive nature of those sentences. And really what that means is asking the court to allow a plenary resentencing. Because the court by imposing the mandatory minimum, obviously 3582C2 does not authorize a sentence below the mandatory minimum. And the only question here then is do you go back because a guideline range that was calculated at the sentencing but that the court then varied upward from and coming to the total sentence in the two cases that it imposed in the two cases, somehow that was reduced. Does that allow a plenary resentencing? I think Dillon answers that question, the Supreme Court. And Dillon said they're not entitled to a plenary resentencing. And therefore, this court should not allow it by asking the court to revisit the concurrent consecutive nature of the sentence. What is the government's position regarding 3582C? Do you believe that the district court has jurisdiction to reconsider the sentence here? And if it does, then I assume that your court has jurisdiction. But what about the jurisdictional issue? Your Honor, I think this wouldn't, certainly when we argued this to the district court, we took the position that the district court did not have jurisdiction because of the mandatory minimum nature. That that wasn't altered and that nothing in amendment 782 changed or opened up the question of concurrent consecutive nature of the sentences. We also argued at that time to the district court that if the district court disagreed, obviously then the court should exercise its discretion not to change the sentence based on the facts of this case. So if the district court had said, well, of course I made my original decision based on the mandatory minimums. I ran them consecutively. I see there's been this policy change. And I think I have the authority to now make them run concurrently. Would the government argue the district court did not have authority to do that? Your Honor, I think the question there is, it goes back to our argument that he didn't have jurisdiction to do that. And I think the argument there is that no, because you're right, it's touching now a question that was not controlled by amendment 782. 782 simply reduced the base offense level for the guideline range. I mean, ironically, if this case had proceeded with a sentencing in Nebraska and then a subsequent sentencing in the Western District of Washington, he clearly would not have, and the court had imposed consecutive sentences, he clearly would not have been entitled to any sort of reduction. So you would say basically under 3582C, this language, the court may not modify a term of imprisonment once it has been imposed except that lead clause applies and controls because none of the exceptions fit? Yes, Your Honor. And that if he did have jurisdiction, then I guess your argument is he exercised it not to do anything. I think, I mean, I would agree with . . . Or did you not make that argument? Mm-hmm. Or did you not make that argument? We didn't really make that argument. I would agree that the court's order is somewhat ambiguous on that point. I think Judge Layton made clear he didn't want to change the sentence, but the primary principle argument that the government made, obviously, to the district court and obviously makes clear is that he had no jurisdiction. This complicates things a bit because you've got Dillon, you've got our Trujillo case, which seem to suggest that unless you fit clearly within the exception, the district court has no jurisdiction to offer a plenary resentencing. So, which is it here? Does the district court have jurisdiction because it fits in this exception, i.e., that the district court based its prior sentence on the sentencing guidelines or it didn't, in which case it has no jurisdiction? Perhaps if I misspoke, please forgive me. I just want to know the government's position. Yeah, no, no. I mean, in terms of confusing the court in my answers, I think the government's position has been, these were mandatory minimum sentences, that what they're asking for is a plenary resentencing and, therefore, there is no jurisdiction because it, Amendment 782 did not change. Because of 3582C? Yes. Okay. If the court has no further questions for me, I will ask the court to affirm. Give me just a second. I'm curious about something on this jurisdictional issue. I'm looking for a date, which I can't find. I remember during Watergate, Judge Sirica sentenced all the Watergate defendants to the max and he said, if you talk, I'll reduce your sentences. There was some controversy later about whether a judge ought to be injecting himself that much into the prosecutorial process. I'm curious, does the restriction in 3582C, a court may not modify a term of imprisonment unless one of those exceptions applies, was the history that it grew out of that and ordered by the district court, I'm maxing you out, but I'll cut your sentence later if you talk? Your Honor, I don't know. I know in this case, I don't know the answer to the court's question. I do know that with respect to this case, the defendant was offered an opportunity. I'm trying to find out whether jurisdiction is just sort of technical and arbitrary or whether there's a reason for the limitation on jurisdiction. Because the usual way things go is when a sentence goes back to a judge, you can reconsider everything. I think that's correct, but I think the sentencing commission, in accordance with the authority granted in 994U of Title 18, decided to limit that jurisdiction, but I don't know why. Thanks. Thank you. Would you please give him a minute for rebuttal? Thank you, and I appreciate the extra time. I would just point out that in the excerpts of record, page 88 to 89, the court clearly considered the guideline range and the 3553A factors when it imposed sentence. In fact, I could not see any mention of it being entirely based on the mandatory minimums. The government is recommending 180 months, and this defendant deserved it. Counsel, let me ask you this then. Under the guideline section 1B.10B.1, the sentence commission's policy statement says that, and quotes, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendments to the guidelines had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments for the corresponding guideline provisions that were applied when the defendant was sentenced, and shall leave all other guideline application decisions unaffected. This seems to suggest, at least to me, that if you want to change this, you've got to the district court in imposing the original sentence, relied upon some provision of the guidelines. What provision was that? It relied on the guideline range. No, no, that's not what this says. This says, for the guideline provisions that were applied, what was applied? I'm sorry. The trial court relied on the global reliance. The base offense level. The baseline was considered the guidelines. What I want to know is, what particular provision in the guidelines did the district court rely upon, which corresponds to what the sentencing commission's policy statement says? The court relied on what the base offense level was set at that period of time, and the base offense level has since been reduced. Where in the record can you point that says that the district court did that? When the district court adopted the pre-sentence report's calculation of the guideline range, and that pre-sentence report determined the guideline range based on the base offense level, which is driven by the type and amount of drugs, and there were adjustments for things like acceptance of responsibility, resulting in a particular guideline range, which was specifically referenced at excerpt of record 88, when the court then went through the 3553A factors. That particular provision of the guidelines is frankly the basis, 1B1.10B1, is frankly the basis of my argument, because the only limitation there is that the court can't change other guideline determinations. Things like the criminal history category can't be revisited. You can't come back and argue, I wasn't a leader, I shouldn't have gotten that enhancement, or you used the wrong base offense level because really there were fewer drugs than what I should have been held accountable for. If the district court, and I'll just finish quickly here, if the district court had said, I've looked at the guidelines, but I'm not relying on them in any way, not at all, I'm just focused entirely on the minimum sentence here, would your argument be the same? I think my argument would be the same, because the So, you're basically saying, on remand, the district court would say, okay, we now have the amendment, I'm recalculating the guideline range, but as I said before, I'm sentencing based on the mandatory minimums, and I'm going to do it consecutively, and we'd end up right back where we were. Is that what actually you're asking for? Yes, I agree. The trial court may very well, on remand, say, I meant to do it this time, and I want to do it the same way. I'll do it again. All right, thank you. Thank you both for your arguments. The case of the United States v. Aguilar-Canache is submitted.
judges: Kleinfeld, McKeown, M. Smith